IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LONNIE CHURCH, | * | |
| Plaintiff, | * | |
| v. | * | |
| CORY EDWARD CLAYTON, | * | Civil No. 24-180-BAH |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Lonnie Church ("Church") brought suit against Cory Edward Clayton ("Clayton") in the District Court for Cecil County, which the United States, acting on behalf of Clayton, removed to this Court. ECF 1 (notice of removal); ECF 4 (state court complaint). Church alleges that while he was a passenger in a car stopped at a stop sign, Clayton's vehicle rear-ended the vehicle in which Church sat, causing him damages. *See* ECF 4, at 4 ¶¶ 7–10.[1]

The United States of America, on behalf of Clayton, moved to substitute the United States as the defendant pursuant to 28 U.S.C. § 2679(d) of the Federal Tort Claims Act ("FTCA") because Clayton was acting within the scope of his employment with the United States Postal Service ("USPS" or "the Postal Service") at the time of the accident. *See* ECF 13. Attached to the motion to substitute is a certification from United States Attorney for the District of Maryland that Clayton was acting within the scope of his employment at the time of the allegations in the complaint. *See* ECF 13-1. The United States, on behalf of Clayton, also moved to dismiss the complaint pursuant

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim, respectively. *See* ECF 14. Attached to the motion to dismiss is a memorandum of law, ECF 14-1, and a declaration of Kimberly A. Herbst, ECF 14-2. Church did not respond to either motion. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the motion to substitute, ECF 13, is **GRANTED** and the motion to dismiss, ECF 14, is **GRANTED**.

I.  **BACKGROUND**[2]

The case arises out of a car accident that occurred on April 28, 2021. ECF 4, at 3 ¶ 3. Church was a passenger in a vehicle being driven by Tommy Day ("Day"). *Id.* While the vehicle was stopped at a stop sign at the intersection of East Old Philadelphia Road and Old Elk Neck Road in Cecil County, Maryland, Clayton's vehicle struck the vehicle being driven by Day from behind. *Id.* at 3–4 ¶¶ 4–7. Church alleges that the collision was a result of Clayton "carelessly, recklessly and negligently fail[ing] to control the speed of his vehicle causing his vehicle to collide into the rear of the vehicle in which Lonnie Church was a passenger." *Id.* at 4 ¶ 8. Church alleges that as a result of the incident, he "suffered serious injury, pain and mental distress, loss of employment/income and property damage." *Id.* ¶ 10.

Church filed the instant suit in the District Court for Cecil County on October 11, 2023, seeking $25,000 in damages plus interest and costs. *Id.* at 1, 4. On January 19, 2024, the United States, acting on behalf of Clayton, removed the case to this Court. *See* ECF 1. Church's counsel moved to withdraw, ECF 12, which the Court granted, ECF 16. Church is therefore proceeding *pro se*. On March 5, 2024, the United States, acting on behalf of Clayton, filed the instant motions.

---

[2] For the purpose of deciding the motion to dismiss, the Court accepts all well-pleaded facts in the amended complaint as true. *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).

ECFs 13 and 14. Despite the Rule 12/56 notice from the Clerk's office notifying Church that the case may be dismissed if he did not timely respond, ECF 15, and the Court's order directing him to do so, ECF 16, Church has not responded to either motion. They are deemed unopposed.

## II. MOTION TO SUBSTITUTE

The Westfall Act, which amended the FTCA, "immunizes federal employees from personal liability for claims that arise within the scope of their employment." *Doe v. Meron*, 929 F.3d 153, 160 (4th Cir. 2019) (citing *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997)); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007) (noting that federal employees enjoy "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"). Under the FTCA, the United States "*shall* defend any civil action or proceeding brought in any court against any employee of the Government . . . for any such damage or injury." 28 U.S.C. § 2679(c) (emphasis added).[3] If the Attorney General, or the United States Attorney acting on the Attorney General's behalf, certifies that an employee was acting within the scope of employment at the time of the allegations in the complaint, the United States must take the employee's place as the proper defendant to the suit. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification . . . that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, [the action] shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant."); *see also Maron*, 126 F.3d at 321 ("When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting

---

[3] "[A]ny such damage or injury" refers to "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission" of the Government employee. 28 U.S.C. § 2679(b)(1).

ECFs 13 and 14. Despite the Rule 12/56 notice from the Clerk's office notifying Church that the case may be dismissed if he did not timely respond, ECF 15, and the Court's order directing him to do so, ECF 16, Church has not responded to either motion. They are deemed unopposed.

## II. MOTION TO SUBSTITUTE

The Westfall Act, which amended the FTCA, "immunizes federal employees from personal liability for claims that arise within the scope of their employment." *Doe v. Meron*, 929 F.3d 153, 160 (4th Cir. 2019) (citing *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997)); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007) (noting that federal employees enjoy "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"). Under the FTCA, the United States "*shall* defend any civil action or proceeding brought in any court against any employee of the Government . . . for any such damage or injury." 28 U.S.C. § 2679(c) (emphasis added).[3] If the Attorney General, or the United States Attorney acting on the Attorney General's behalf, certifies that an employee was acting within the scope of employment at the time of the allegations in the complaint, the United States must take the employee's place as the proper defendant to the suit. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification . . . that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, [the action] shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant."); *see also Maron*, 126 F.3d at 321 ("When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting

---

[3] "[A]ny such damage or injury" refers to "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission" of the Government employee. 28 U.S.C. § 2679(b)(1).

within the scope of his or her employment at the time of the alleged tortious act." (citing 28 U.S.C. § 2679(d)(1))).

The Attorney General's certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2); *see also Osborn*, 549 U.S. at 243. It also "satisfies the government's prima facie burden of showing that the defendant employee[] acted within the scope of their employment but does not carry an evidentiary weight unless it details and explains its conclusions." *Doe*, 929 F.3d at 161 n.1 (citing *Maron*, 126 F.3d at 323. A plaintiff can rebut the certification by providing "specific evidence . . . that contradicts the Attorney General's certification decision" and which "prove[s], by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153, 1155 (4th Cir. 1997).

Here, the United States Attorney for the District of Maryland has certified that Clayton was acting within the scope of his employment at the time of the allegations in the complaint. *See* ECF 13-1. Church has not disputed this, let alone provided sufficient specific factual support to rebut the certification. Thus, "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The motion to substitute will be granted.

### III. <u>MOTION TO DISMISS</u>

The United States also moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, under Fed R. Civ. P. 12(b)(5) for insufficient service of process, and under Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* ECF 14; ECF 14-1. More specifically, the United States asserts (1) that Church's claim is time-barred under 28 U.S.C. § 2401(b), ECF 14-1, at 2–3; (2) that Church did not exhaust administrative remedies before initiating this suit, *id.* at 3–4; and (3) that Church did not serve the United States (only Clayton individually), *id.* at 4–5.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction. "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). "On a Rule 12(b)(1) motion, a district court may properly consider . . . 'evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Zeigler v. Eastman Chem. Co.*, 54 F.4th 187, 200 (4th Cir. 2022) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

A defendant may also move for dismissal for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985)). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal

conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

**B.     Analysis**

The Court first considers—and finds dispositive—the United States's argument that this Court lacks subject matter jurisdiction because Church has failed to exhaust administrative remedies required by the FTCA.  Before bringing a claim against the United States for damages stemming from a United States employee's allegedly "negligent or wrongful act or omission" committed "within the scope of his office or employment," the plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (citing *Kielwien v. United States,* 540 F.2d 676, 679 (4th Cir.), *cert. denied,* 429 U.S. 979 (1976)).  Section 2401(b) of Title 28 of the United States Code requires that this administrative claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."[4]

"This administrative exhaustion requirement contains three elements." *Van Emburgh ex rel. Estate of Van Emburgh v. United States*, 95 F.4th 795, 801 (4th Cir. 2024).  "First, a plaintiff

---

[4] Though the exhaustion requirement is jurisdictional, the time requirement is not.  *See United States v. Wong*, 575 U.S. 402, 420 (2015) (holding that "the FTCA's time bars are nonjurisdictional," and, absent clear congressional intent to the contrary, are "mere claims-processing rule[s]" that are "subject to equitable tolling").

must 'present[ their] claim to the appropriate Federal agency[.]'" *Id.* (alteration in original) (citing 28 U.S.C. § 2675(a)). This is typically done through the filing of a completed Standard Form 95 or some other written notification. *See* 28 C.F.R. § 14.2(a); *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Second, in their presentation of the claim to the agency, the plaintiff must state the sum certain the plaintiff seeks. *See* 28 U.S.C. § 2675(b); *Van Emburgh*, 95 F.4th at 801; *Kokotis*, 223 F.3d at 278 ("Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit."). "Third, the plaintiff must wait either for the claim to be 'finally denied by the agency' or for the agency to fail 'to make final disposition of [the] claim within six months after it is filed.'" *Van Emburgh*, 95 F.4th at 801 (alteration in original) (citing 28 U.S.C. § 2675(a)).[5]

Here, the United States has submitted a declaration of Kimberly A. Herbst, manager of the Tort Program and Adjudication with the United States Postal Service National Tort Center at the St. Louis General Office. *See* ECF 14-2. Herbst has access to the Postal Service Law Department's nationwide database of tort claims submitted to the agency pursuant to the FTCA, including those submitted in Maryland. *Id.* at 2–3 ¶¶ 2–3. Herbst attests that she searched this database as well as the database maintained by the Postal Service Tort Claims/Collections Specialists for claims filed on behalf of Church. *Id.* at 3 ¶¶ 4–6. Neither search yielded results for

---

[5] The Fourth Circuit has recognized that the FTCA's "requirement may be best described as a 'presentment requirement,' rather than an administrative exhaustion requirement, because plaintiffs must present their claims to the agency but do not always need to wait until the agency rules on their administrative claim before proceeding in federal court." *Van Emburgh*, 95 F.4th at 800. Nevertheless, the caselaw uses the term "exhaustion," and, in any event, Church's failure to abide by the prescribed procedure deprives this Court of jurisdiction regardless of the terminology.

claims submitted to the Postal Service on behalf of Church. *Id.* Church has not responded to or contested Herbst's assertions.

Based on the uncontroverted evidence, Church has not filed an administrative claim with the USPS regarding the April 28, 2021, incident that is the subject of this suit. Because the FTCA's administrative exhaustion procedures are a jurisdictional prerequisite for litigating this suit against a Postal Service employee in this Court, the Court lacks subject matter jurisdiction to hear Church's claims. The complaint must, therefore, be dismissed. Because the Court finds that it lacks subject matter jurisdiction over Church's claims, the Court will not (and need not) consider the United States's arguments under Rules 12(b)(5) and 12(b)(6).[6]

## IV. CONCLUSION

For the foregoing reasons, the United States's unopposed motion to substitute, ECF 13, is GRANTED; and the United States's unopposed motion to dismiss, ECF 14, is GRANTED.

A separate implementing Order will issue.

Dated: July 23, 2024

/s/
Brendan A. Hurson
United States District Judge

---

[6] To timely bring an administrative claim, Church should have filed a claim with the USPS within two years of the date of the accident (by April 28, 2023). *See* 28 U.S.C. § 2401(b). "The statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 745 (4th Cir. 1990); *see also Woodruff v. Alvey*, Civ. No. 22-826-JMC, 2023 WL 7110517, at *4 (D. Md. Oct. 27, 2023) (finding that an FTCA claim for a motor vehicle accident accrues "when the motor vehicle accident allegedly occurred"). Though this time limitation is not jurisdictional, *see Wong*, 575 U.S. at 420, Church's failure to present his claim to the USPS by the statutory deadline also subjects Church's suit to dismissal for failure to state a claim under Rule 12(b)(6). *See Woodruff*, 2023 WL 7110517, at *2 (collecting cases).